IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BRIAN WADE SMITH and )
JENNIFER JEAN SMITH, )
                                  )
    Appellants/Debtors, )
                                  )
vs. ) Case No. 07-cv-0061-MJR
                                  )
DANA S. FRAZIER, )
                                  )
    Appellee/Trustee. )

## MEMORANDUM AND ORDER

REAGAN, District Judge:

    A.    <u>Introduction and Procedural/Factual Overview</u>

On October 1, 2006, Brian and Jennifer Smith of Carterville, Illinois filed a voluntary Chapter 7 petition in the United States Bankruptcy Court for the Southern District of Illinois (Case No. 06-41035). Three weeks later, the Smiths filed various schedules (denominated as Schedules A through F) to their petition. Schedule A listed real property in which they had an ownership interest. Schedule B listed personal property (such as checking accounts, household furnishings, insurance policies, and interests in 401(k) retirement plans). Schedule C listed all property the Smiths claimed as exempt.

The appeal before this Court involves two amounts listed by the Smiths on Schedules B and C – *i.e.*, whether those amounts were property of *(or exempt from)* the bankruptcy estate.

The Smiths maintain that certain wages they had earned but had not yet been *paid* on the date they filed for bankruptcy protection were exempt from their bankruptcy estate.[1]  *See* Record on Appeal, designations 2 and 3, Docs. 24 and 25 in Bankruptcy Case ("Bkr. Docs." 24 & 25).  The Chapter 7 Trustee, Dana S. Frazier ("Frazier" or "the Trustee"), disagreed.  The parties briefed the issue.

Frazier objected to the claimed exemption (Bkr. Doc. 42).  The Smiths responded (Bkr. Doc. 55).  Frazier replied with a memorandum renewing her initial ground for objection and adding a second basis for the objection (Bkr. Doc. 57).  The Bankruptcy Judge, the Honorable Kenneth J. Meyers, held a hearing on December 5, 2006.  At the conclusion of that hearing, Judge Meyers announced that he was sustaining the Trustee's objection.

On December 14, 2006, Judge Meyers entered a written Order disallowing the Smiths' exemption (Bkr. Doc. 60).  The Smiths appealed on December 22, 2006 and designated their appellate record January 2, 2007.

    B.    <u>Applicable Standards of Review & Jurisdictional Basis</u>

Federal Rule of Bankruptcy Procedure 8013 provides that, on

---

[1] Schedule B identifies these amounts as $1,180.20 (H) and $950.80 (W).  On Schedule C, the Smiths claimed that 75% of that total was exempt under 15 U.S.C. § 1673.  The Smiths claimed that the remaining 25% of earned but unpaid wages were exempt via the personal property exemption available under Illinois bankruptcy law.

appeal, the District Court "may affirm, modify, or reverse a bankruptcy judge's … order … or remand with instructions for further proceedings."  Rule 8013 further provides:

> Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

Case law of this Circuit similarly instructs that a bankruptcy judge's "[f]actual findings are reviewed for clear error; [and] legal conclusions are reviewed de novo."  **In re Doctors Hosp. of Hyde Park, Inc., 474 F.3d 421, 426 (7th Cir. 2007),** *citing* **FED. R. BANKR. P. 8013 and In re Crosswhite, 148 F.3d 879, 881 (7th Cir. 1998).  Accord Meyer v. Rigdon, 36 F.3d 1375, 1378 (7th Cir. 1994)(district court reviews bankruptcy judge's fact findings for clear error and legal conclusions de novo).**

The appeal sub judice challenges Judge Meyers' disallowance of the Smiths' unpaid wage exemption, a legal issue the undersigned District Judge reviews de novo.  Judge Meyers' ruling was a final order in a core proceeding, falling within the scope of 28 U.S.C. § 157(b)(2)(B)("Core proceedings include … allowance or disallowance of … exemptions from property of the estate.…").  This Court enjoys subject matter jurisdiction under 28 U.S.C. § 158(a)("The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees … of bankruptcy judges entered in cases

… referred to the bankruptcy judges under section 157 of this title.")

C.   Analysis

As the parties acknowledged and Judge Meyers recognized, the facts are not in dispute, and the issue is whether the Smiths can exempt the wages in question – wages earned but not paid to them on the date their bankruptcy petition was filed.  The Smiths seek to exempt the wages under 15 U.S.C. § 1673, the Federal Wage Garnishment Act (part of a larger federal consumer credit protection statute).[2]

Asking the undersigned Judge to reverse the decision of the Bankruptcy Court, the Smiths ascribe two errors to Judge Meyers' Order.

First, the Smiths assert that the Order is "ambiguous" as to a point fully briefed by the parties – whether debtors in opt-out states like Illinois can "use nonbankruptcy Federal law exemptions, in addition to the bankruptcy exemptions allowed them under the state bankruptcy scheme" (Appellants' Brief, Doc. 8, at p. 8).  The Smiths accuse the Trustee of "ongoing intransigence on this issue" and sound the tocsin of potentially dire

---

[2]   Congress has enacted various restrictions on the amount of an employee's wages which can be garnished. Under Title III of the Consumer Credit Protection Act, 15 U.S.C. §§ 1671-1677, garnishment of an individual's wages for any one workweek may not exceed the lesser of 25% of his disposable earnings for that week or the amount by which such disposable earnings exceed 30 times the federal minimum hourly wage.  (Certain exceptions apply to that provision, such as liability for child support payments and federal taxes.)  **6 AM. JUR. 2D Attachment and Garnishment § 146 (2009).**

consequences if the undersigned Judge lets the Bankruptcy Court Order stand (*see* Doc. 8, p. 8). The Smiths urge this Court to affirmatively hold "that nonbankruptcy Federal exemptions are available to debtors in Southern Illinois" (*id.*).

<u>Second</u>, the Smiths assert that Judge Meyers' Order cannot be squared with the plain language of 15 U.S.C. § 1673(c), which prohibits any federal court from entering or enforcing any order in violation of that statute.

Appellee Frazier timely notified this Court (Doc. 4) that she intended to file no appellee's brief herein, instead relying on the record below and standing on the findings and Order issued by the Bankruptcy Court.[3] Frazier's position is amply set forth in the briefs which are part of the record designated by the Smiths and properly considered by the undersigned Judge on appeal.

Reduced to simplest terms, this Court must decide whether the Smiths can exempt the wages in question from their bankruptcy estate based on the Federal Wage Garnishment Act. Analysis begins with the statutes delineating federal bankruptcy exemptions.

11 U.S.C. § 522(b)(3)(A) allows a debtor to exempt "any property that is exempt under Federal law ... or State or local law that is applicable on

---

[3] Frazier's notice (Doc. 4) explains that "she does not intend to file any briefs in this appeal ... as the attorney fees to represent the Trustee will be greater than the amount in dispute."

the date of the filing of the petition...."  Section 522 authorizes states to substitute their own system of debtor exemptions for that set forth in the Bankruptcy Code.  *In re Oakley*, 344 F.3d 709, 710 (7th Cir. 2003).  *See also In re Weinhoeft*, 275 F.3d 604, 605 (7th Cir. 2001)(§ 522 lets debtors shelter from creditors property exempt under Illinois law).[4]

The Smiths contend that § 522(b)(3)(A) entitles them to exempt 75% of the earned-but-unpaid wages via 15 U.S.C. § 1673 (the federal garnishment statute) <u>and</u> exempt the remaining 25 % of those wages under the personal property exemption available under Illinois bankruptcy law. Bearing note is the fact that this appeal focuses not on the Illinois bankruptcy exemption but on the availability of the exemption under the federal garnishment statute (federal non-bankruptcy law)(*see* Bkr. Doc. 55, p. 3 "Debtors respectfully suggest that Illinois' bankruptcy exemptions simply are not before the Court in this particular case, but rather whether the Chapter 7 Trustee can prevent them from claiming exemptions under nonbankruptcy Federal law;" *see also* Doc. 8, p. 10, reiterating that Illinois' bankruptcy exemptions are not at issue herein, the question is the exemption under federal wage garnishment statute).

---

[4] In other words, which entitlement is subject to discharge in bankruptcy "is beyond state control," except where Congress specifically recognizes otherwise, as in 11 U.S.C. § 522(b), allowing debtors to choose between exemptions under federal and state law. *In re McGee*, 353 F.3d 537, 540 (7th Cir. 2003).

In holding that the Smiths could *not* exempt unpaid wages under the Wage Garnishment Act, Judge Meyers explained (Bkr. Doc. 60, pp. 1-2):

> The Chapter 7 Trustee objected to debtors' exemption claim under 15 U.S.C. § 1673, which is not a Federal bankruptcy exemption statute, on the grounds that … § 1673 is a garnishment statute that protects the wages of debtors prior to the filing of a bankruptcy petition, not an exemption statute as contemplated by the Bankruptcy Code. *In re Riendeau*, 293 B.R. 832 (D. Vt. 2003), *aff'd,* 336 F.3d 78 (2nd Cir. 2003).
>
> At oral argument on the objection, debtors' counsel cited *In re Sanders*, 69 B.R. 569 (E.D. Mo. 1987), for the position that 15 U.S.C. § 1673 is an exemption, like other Federal non-bankruptcy law exemptions…. The Court is not unsympathetic to debtors' exemption claims under 15 U.S.C. § 1673. The Court, however, declines to follow the analysis in *Sanders*. Instead the Court adopts the reasoning set forth in *Riendeau* and finds that 15 U.S.C. § 1673 is a limitation on pre-bankruptcy garnishments and is not an exemption statute available to the debtors.

On appeal, the Smiths criticize Judge Meyers' reliance on **Riendeau**. In **Riendeau**, as in the instant appeal, a Chapter 7 trustee objected to the debtor's claimed exemption of pre-petition income. The debtor sought to exempt the income under both a Vermont state exemption and (in a later argument) the federal garnishment limitation provisions of the Consumer Credit Protection Act. The Bankruptcy Judge sustained the trustee's objection, and the debtor appealed. The United States District Court for the District of Vermont affirmed disallowance of the debtor's claimed exemption. ***In re Riendeau*, 293 B.R. 832 (D. Vt. 2002).**

The District Court emphasized, *id.* **at 838,** that the purpose of the federal statute limiting wage garnishments was to keep debtors *out of bankruptcy*, "and not to expand their protections once they have filed their bankruptcy petition." In so holding, the **Riendeau** Court relied on the United States Supreme Court's decision in **Kokoszka v. Belford**, **417 U.S. 642 (1974).**

**Kokoszka** involved whether an a debtor could exempt 75% of an income tax refund under the same wage garnishment provisions at issue here (part of the Consumer Credit Protection Act, 15 U.S.C. § 1571, *et seq.*). The high Court rejected the debtor's claim and found the refund to be property of the bankruptcy estate, *not* sheltered by the wage garnishment limitation provision.

> Chief Justice Burger (writing for a unanimous Court) reasoned:
>
> Our disposition … requires that we turn next to the petitioner's contention that 75% of the refund is exempt under the provisions of the Consumer Protection Act….
>
> Congress did not enact the Consumer Credit Protection Act in a vacuum. The drafters of the statute were well aware that the provisions and the purposes of the Bankruptcy Act and the new legislation would have to coexist…. We must therefore take into consideration the language and purpose of both the Bankruptcy Act and the Consumer Credit Protection Act in assessing the validity of the petitioner's argument….
>
> An examination of the legislative history of the Consumer Protection Act makes it clear that, while it

> was enacted against the background of the Bankruptcy Act, **it was not intended to alter the clear purpose of the latter Act to assemble, once a bankruptcy petition is filed, all of the debtor's assets for the benefit of his creditors…. Indeed, Congress' concern was not the administration of a bankrupt's estate but the prevention of bankruptcy in the first place….**

*Id.*, **417 U.S. at 648-50 (emph. added).**

The Supreme Court affirmed the disallowance of the exemption claimed under the wage garnishment provisions, declaring that although Congress sought to regulate garnishment to protect wage earners, Congress did *not* intend "drastically to alter the delicate balance of a debtor's protections and obligations during the bankruptcy procedure," and the trustee retained the right to treat the funds as property of the bankruptcy estate. *Id.* **at 651-52.**

Finding the Supreme Court's analysis in *Kokoszka* persuasive, the Vermont District Court affirmed the Bankruptcy Court's decision to disallow the exemption claimed by the debtor. The United States Court of Appeals for the Second Circuit affirmed. *In re Riendeau*, **336 F.3d 78 (2nd Cir. 2003).**

Having reviewed all the cases cited by the Smiths herein (including *In re Sanders*, **69 B.R. 569,** a 1987 decision of the United States Bankruptcy Court for the Eastern District of Missouri), this Court finds merit in the rationale and result of both *Kokoszka* and *Riendeau*.

Stated simply, once the Smiths sought bankruptcy protection, the Bankruptcy Code and applicable state and federal property exemption statutes

governed their rights and remedies – not the limitation on garnishment of wages contained in 15 U.S.C. § 1673.

The Court flatly rejects the Smiths' contention that disallowance of the requested exemption runs afoul of the plain language of § 522(b)(3)(A). Similarly meritless is the assertion that an Order disallowing the exemption contravenes 15 U.S.C. § 1673(c), which forbids courts to execute or enforce garnishment orders violating the wage garnishment limitations.

D. Conclusion

Having conducted de novo review, this Court **AFFIRMS** Judge Meyers' Order. In reaching this result, the undersigned District Judge need not resolve the larger issue urged upon him by the Smiths – whether any Illinois debtors can use any non-bankruptcy federal exemptions under any circumstances (*see* Doc. 8, p. 8). The Court stresses that this decision is based on the facts, parties and record before it.

IT IS SO ORDERED.

DATED this 13th day of July 2009.

s/ *Michael J. Reagan*
MICHAEL J. REAGAN
United States District Judge